**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Darrell Collins

    v.                                              Case No. 18-cv-1109-PB

FCI Berlin Warden, et al.

**REPORT AND RECOMMENDATION**

    Darrell Collins, who was an inmate at the Federal Correctional Institution in Berlin, New Hampshire, and is proceeding pro se, filed a complaint alleging civil rights violations by Robert Hazelwood, who is the Warden of FCI Berlin, and fourteen corrections officers. The defendants filed a combined motion to dismiss and motion for summary judgment (doc. no. 31). Collins also filed a complaint addendum (doc. no. 46), which names an additional five prison employees as defendants. For the reasons that follow, it is recommended that the defendants' motion to dismiss/motion for summary judgment be granted and that Collins's suit be dismissed.

Background[1]

    Collins's allegations relate to his treatment in the Special Housing Unit ("SHU") at the federal prison in Berlin, New Hampshire. Collins was housed in the SHU beginning on July

---

[1] The following facts are taken from Collins's complaint and complaint addendum. Because Collins filed his complaint pro se, the court construes it liberally. Foss v. Marvic, Inc., 994 F.3d 57, 63 n.7 (1st Cir. 2021) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

27, 2018. His sister committed suicide on September 18, 2018. Three or four days later, Collins received a letter from his aunt informing Collins of his sister's death. Collins's aunt was upset that Collins had not called, and Collins's aunt stated in the letter that she told a prison official about the death. Collins, who alleges that it is FCI Berlin's policy to notify inmates about the death of a loved one and provide them a courtesy phone call, "lost control of his emotions." Doc. 1 at 2-3. Unnamed prison staff saw Collins and concluded that he must be high on drugs or that he was "acting out." Id.

An unnamed officer told Collins that they did not "give a fuck about [his] sister." Id. at 3. The officer cuffed Collins and put him in a "hard cell," which lacks a bed, a shower, or table. In the "hard cell" inmates are expected to sleep on a mat that is placed on a concrete block. Id. A toilet and sink are available. Inmates are placed in the "hard cell" as punishment.

The officer cuffed Collins's hands so tightly that his circulation was cut off and his hands swelled. Officers pushed Collins into the hard cell, which caused him to trip. Because he was handcuffed, Collins was unable to break his fall. The officers laughed at Collins. Collins was left in the cell

handcuffed for one hour, and he has not received medical attention for his injuries.[2]

Collins was kept in the hard cell for two days. During this time period, white staff members at the prison directed racial slurs and racially-demeaning language toward Collins, who is African-American. Staff members also insulted Collins's sister and called her derogatory names. Collins contemplated suicide. On September 25, a chaplain provided Collins with a phone call.

After the defendants filed their motion to dismiss/motion for summary judgment, Collins filed a complaint addendum (doc. no. 46), which is before the court on preliminary review. In his complaint addendum, Collins names several corrections officers and accuses them of the following misconduct:

- Lieutenant Twas: Collins alleges that Lt. Twas "[p]sychologically tormented" him by accusing him of lying and directing racial slurs toward him while communicating with him about the death of his sister. Collins also alleges that Twas falsified a property form that caused his personal property to be confiscated.

---

[2] Collins does not specify in his complaint what his injuries are or what medical attention he requires. Collins is no longer housed at FCI Berlin.

- Chaplain Jim Thompson:  Collins alleges that Thompson failed to notify him about the death of his sister and that Thompson accused Collins of lying about his sister's death.

- Officer Blize: Collins alleges that Blize gave him a mattress with half of the cotton gone and that Blize knew that Collins required a bottom bunk for medical reasons. Collins alleges that Blize also insulted Collins using obscene language.

- Officer Gardner:  Collins alleges that Gardner insulted and disrespected him in an unprofessional manner when Collins asked for a better mattress.

- Officer Martin:  Collins alleges that Martin insinuated that he should commit suicide.[3]

In addition, in his complaint addendum, Collins asserts that he has been unable to receive documentation for this case and other administrative grievances that he has filed that are open.

## Discussion

The defendants contend that (1) Collins's complaint fails to allege the personal involvement of any of the named defendants as to the conduct that he alleges violated his civil rights and (2) Collins failed to exhaust his administrative

---

[3] The complaint addendum indicates that Officer Martin is a corrections officer at FCI Allenwood, not FCI Berlin.

remedies prior to filing this lawsuit. Collins responds[4] by indicating that the defendants did not timely file their response to his complaint and that the defendants have failed to provide evidence to dispute his allegations. Collins also filed a complaint addendum, which the court has considered[5] alongside evaluating the defendants' motion to dismiss and motion for summary judgment.[6]

---

[4] The court construes Collins's "Summary of Judgment to Move Forward with Complaint" (doc. no. 37) and "Addendum Memorandum to Motion for Summary Judgment" (doc. no. 38) together as an objection to the motion to dismiss/motion for summary judgment.

[5] Although the defendants' motion to dismiss/motion for summary judgment does not cover Collins's complaint addendum, it is before the court on preliminary review under Local Rule 4.3(d) and 28 U.S.C. 1915A(a). See Order of March 30, 2021. "The clerk's office shall forward to the magistrate judge for preliminary review the initial filings, and any subsequent amendments to those filings, by all nonincarcerated parties proceeding in forma pauperis . . . ." LR 4.3(d)(2). After preliminary review, the magistrate judge may report and recommend that the action be dismissed because, inter alia, it fails to state a claim upon which relief can be granted. Id.

[6] The defendants' motion to dismiss/motion for summary judgment was timely filed by the court's December 14, 2020, deadline, which was set by a December 7, 2020, order that granted the defendants' motion to extend their time to answer. It appears from the record that Collins did not initially receive the defendants' motion because he was transferred between prisons. See docs. 33, 34, 36, 42.

Collins had sufficient notice and time to file a response to the defendants' dispositive motion. In February 2021, the court granted in part Collins's motion for copies of all of his and the defendants' filings in this case and informed Collins that he should specify which documents (in addition to his complaint) that he was requesting. The court also directed the defendants to send Collins copies of any of their filings within seven days of any specific request made by him. Per an earlier order, Collins's deadline to file any further response to the defendants' motion to dismiss/motion for summary judgment was

5

A.   Failure to State Claims

The defendants move to dismiss Collins's complaint on the ground that he fails to connect any of the misconduct alleged in his complaint with the actions of any of the named defendant corrections officers.  Collins did not directly respond to this argument by the defendants.

In considering a motion to dismiss, the court asks whether the plaintiff has made allegations that are sufficient to render his entitlement to relief plausible.  Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor.  Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019).  The court disregards conclusory allegations that simply parrot the applicable legal standard.  Manning, 725 F.3d at 43.  To determine whether a complaint survives a motion to dismiss, the court should use its "judicial experience and common sense," but should also avoid disregarding a factual allegation merely because actual proof of the alleged facts is improbable.  Id.

---

extended until March 31, 2021.  The court also informed Collins that he should contact defendants' counsel as soon as possible to submit any discovery requests.

Collins did not submit an additional response, but instead filed a motion to amend his complaint and the complaint addendum.  The court granted the motion to amend the complaint, and, as noted, the complaint addendum is before the court for preliminary review.

6

Collins's complaint fails to state any claims upon which relief can be granted because Collins does not connect the misconduct he alleges with the actions of the individuals that he named as defendants. See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("[I]n a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally."); Graham v. Sabol, 734 F. Supp. 2d 194, 205 (D. Mass. 2010) ("Personal involvement in the unconstitutional conduct is required to maintain a Bivens claim.").[7]  In other words, Collins named fifteen individuals as defendants to the lawsuit, but he does not allege how or in what way any of them contributed to the civil rights violations that he alleges.  To be sure, in the complaint addendum, Collins identifies additional individuals (Lt. Twas, Chaplain Thompson, Officer Blize, Officer Gardner, and Officer Martin) and alleges how he believes they violated his civil rights.  However, the misconduct he alleges in the complaint addendum does not amount to cognizable constitutional violations.

---

[7] Although Collins states in his complaint that he brings his claims under 42 U.S.C. § 1983, the court construes Collins's claims as brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), because § 1983 does not apply to federal officials.

For example, lying, the use of racial slurs and insults, and unprofessional conduct on the part of corrections officers does not, on its own, violate the Eighth Amendment. E.g., Cote v. Barnhart, 2012 WL 1038918, at *2 (D. Me. March 23, 2012) ("The Court obviously does not condone racist remarks on the part of corrections officers or other acts of harassment directed at inmates. However, verbal harassment does not rise to the level of a constitutional deprivation just because the speaker is a state officer and the harassment includes racist language."); Knowles v. Maine, 2009 WL 3517589, at *4 (D. Me. Oct. 29, 2009) (rejecting inmate's claim that corrections officers violated the Eighth Amendment by "defam[ing]" his character and directing "racial gay slurs" toward him); Shabazz v. Cole, 69 F. Supp. 2d 177, 199-200 (D. Mass. 1999) ("Without more, 'racial slurs do not deprive prisoners of the minimal civilized measure of life's necessities,' and thus do not constitute an Eighth Amendment violation."). The failure to timely follow a prison policy of notifying inmates about the death of a family member is not a violation of the Eighth Amendment, which requires prison officials to maintain humane conditions of confinement but does not mean that all violations of prison policy are violations of the Eighth Amendment. See Leite v. Bergeron, 911 F.3d 47, 52 (1st Cir. 2018) (explaining standard for violations of Eighth Amendment); Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) ("[T]here is no § 1983

8

liability for violating prison policy."); see also Lisasuain v. Mattis, No. 19-cv-593-PB, 2021 WL 919893, at *4 ("Moreover, to the extent plaintiff bases his due process claim on prison officials' violation of prison policies, manual, and/or guidelines, such allegations, without more, do not give rise to an actionable claim of any violation of his federally protected rights.") (D.N.H. Feb. 11, 2021), report and recommendation adopted, 2021 WL 919866 (Mar. 10, 2021).  Similarly, the provision of a thin mattress does not violate the Eighth Amendment without additional allegations that show that depriving Collins of a full mattress was a sufficiently serious deprivation of medical care to which prison officials showed deliberate indifference.  See Leite, 911 F.3d at 52.  Collins's complaint and complaint addendum do not allege such facts.

Lastly, Collins's claim that Lieutenant Twas falsified a property form resulting in Collins's property being confiscated is not cognizable under the Fourth Amendment.  See Hudson v. Palmer, 468 U.S. 517, 530 (1984) (holding that prisoners do not have a reasonable expectation of privacy in their prison cells and that "there are adequate state tort and common-law remedies available" to redress harassment by prison officials, including destruction of personal property).  Nor is it cognizable under the Fifth Amendment.  See id. (holding "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); West v. Schult, No. 13-cv-528-SM, 2014 WL 2880024, at *2 (D.N.H. Feb. 4, 2014) (rejecting claim that deprivation of prisoner's property by federal prison official was violation of due process under Fifth Amendment because Bureau of Prisons's Administrative Remedy Program is an adequate postdeprivation system); Phelps v. Winn, 2007 WL 2872465, at *3 (D. Mass. Sept. 27, 2007) (same). Furthermore, even if the confiscation of Collins's property was sufficient to raise a constitutional violation of some form, Collins's allegations are insufficient to plausibly allege that it was Twas's actions that led to his property being confiscated. Collins does not allege what form it was that Lt. Twas falsified, what false information Lt. Twas put on the form, when the form was falsified, or how the false information on the form led to Collins's property being confiscated. Without these facts, Lt. Twas and the court are left to guess at what Collins's allegations are about, which renders the claim subject to dismissal. See Fed. R. Civ. P. 8(a)(2); Educadores, 367 F.3d at 68. For those reasons, the allegations in Collins's complaint addendum are not sufficient to state any claims upon which relief can be granted.

    B.    Exhaustion of Remedies

As an alternative to their arguments that Collins's complaint fails to state any claims upon which relief can be

10

granted, the defendants move for summary judgment on the ground that Collins has failed to exhaust his administrative remedies as to his claims in this case.  Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Faiella v. Fed. Nat'l Mortg. Assoc., 928 F.3d 141, 145 (1st Cir. 2019).  "A genuine issue of material fact only exists if a reasonable factfinder . . . could resolve the dispute in that party's favor."  Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017) (internal quotation marks and citation omitted).

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524, 532 (2002) (applying PLRA to suits under Bivens and holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life").  "A prisoner seeking to exhaust his administrative remedies under the PLRA must complete the administrative review process that is available at his correctional facility in accordance with the procedural rules of that facility."  Hokenstrom v. N.H. Dep't of Corr., No. 14-CV-557-SM, 2016 WL 6989763, at *2 (D.N.H. Nov. 8, 2016), report and

11

recommendation adopted, 2016 WL 6989766 (Nov. 29, 2016).  If a prisoner fails to exhaust his administrative remedies before filing suit, the unexhausted claims must be dismissed.  See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

To succeed on an affirmative defense of failure to exhaust remedies, the government must demonstrate that no reasonable jury could find that the plaintiff exhausted the remedies that were available to him.  See Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Hubbs v. Suffolk Cty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015); Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).  If the government shows that the plaintiff failed to exhaust the remedies that were generally available, the burden shifts to the plaintiff to provide evidence showing that something in his case made those generally available remedies unavailable to him.  Albino, 747 F.3d at 1172.

Here, the defendants provide evidence that Collins filed multiple administrative grievances via the Bureau of Prisons's Administrative Remedy Program, which is the generally-available administrative procedure for obtaining remedies for civil rights violations at FCI Berlin.  See 28 C.F.R. § 542.  Collins,

however, did not file any administrative grievances pertaining to the claims he makes in his complaint. Moreover, around the same time of his sister's death and while he was housed in the SHU, Collins filed several administrative grievances on other subjects. Specifically, Collins filed ten grievances between August 27 and December 26, 2018, and several others before and after those dates.[8] See doc. 31-6 at 9-13.

Collins does not dispute the defendants' evidence, and he provides no evidence of his own in support of the argument that the generally-available administrative procedures for bringing the claims he alleged in his complaint were unavailable to him. Accordingly, even if Collins's complaint had alleged any claims upon which relief could be granted, the defendants have demonstrated that they are entitled to summary judgment as to the claims in Collins's complaint[9] because Collins failed to exhaust his administrative remedies.

---

[8] Collins's complaint in this case is dated October 8, 2018.

[9] Because Collins filed his complaint addendum after the defendants filed their motion for summary judgment and because the defendants have not been directed to respond to the new allegations in the complaint addendum, it is unclear whether the defendants would contend that Collins failed to exhaust his administrative remedies for the claims Collins sought to raise in his complaint addendum . Accordingly, the defendants have only demonstrated that Collins failed to administratively exhaust the claims he raises in his complaint, not his complaint addendum. In any event, for the reasons already discussed, it is recommended that the court dismiss the allegations in Collins's complaint addendum for failure to state a claim upon which relief can be granted.

Conclusion

For the foregoing reasons, it is recommended that the district judge grant the defendants' motion to dismiss and motion for summary judgment (doc. no. 31), dismiss Collins's complaint and complaint addendum, and close the case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 15, 2021

cc:  Darrell Collins, pro se
     Frances Susan Cohen, Esq.
     Robert J. Rabuck, Esq.